MAGOBA MANAGEMENT, INC., Appellant, *v.* H. CLAYTON SMITH & Co., INC., Respondent.

First Department, June 11, 1957.

*Alexander Pfeiffer* of counsel (*Pfeiffer & Crames,* attorneys), for appellant.

*Robert H. Mulreany* of counsel (*P. Richard Mercurio* with him on the brief; *De Forest, Elder & Mulreany,* attorneys), for respondent.

*Per Curiam.* A reading of the complaint and a review of the record indicate that plaintiff consistently claimed the existence of a cobrokerage agreement wherein each party was to use its best efforts to secure a purchaser, and, in the event either one was successful, the other was to share in the commissions.

146

What was unsatisfactory about this trial, and what requires a new trial, is the fact that the case was not tried consistently upon this theory.

The defense in part was predicated on the theory that the agreement, if there was any, was not a reciprocal one but looked only to plaintiff sharing in any sale effectuated by the defendant broker. In other words, plaintiff, in the event defendant brought about a sale, would be entitled to a species of finder's fee which would be due it for having made available certain data to the defendant. It would appear that the court also embraced this theory of defendant since the court ruled at one point that whatever happened in relation to other potential purchasers had nothing to do with this case; and excluded as irrelevant and immaterial the proferred testimony by Mr. Kahn, the plaintiff's licensed broker, of any attempts he made to sell the property following the agreement concluded by Messrs. Gottlieb and McCarthy. Thus, the court restricted both parties solely to evidence of the procurement of the eventual purchaser.

It is difficult to reconcile the exclusion of this evidence—which was clearly admissible upon the plaintiff's theory—with the admission of testimony by Mr. Gottlieb as to Kahn's efforts to interest other prospective purchasers after his agreement with defendant. Kahn was an authorized licensed broker, and if the cobrokerage agreement contemplated independent efforts by both brokerage concerns, whether Kahn made any independent efforts to sell was highly material on the contentions of both parties.

For the reasons indicated, the judgment should be reversed and a new trial ordered, with costs to abide the event.

PECK, P. J., BOTEIN, FRANK, VALENTE and McNALLY, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.